UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYRIAM ZAYAS,

        Plaintiff,

   v.

CHRIS REYKDAL, *et al.*,

        Defendants.

CASE NO. 2:24-cv-01335-RSL

ORDER

On September 23, 2024, plaintiff's application to proceed *in forma pauperis* was granted and her complaint was accepted for filing. The complaint alleges that seven individuals "assisted, supported, and never reported" the actions of King County Superior Court Judge Adrienne McCoy in a dependency proceeding involving plaintiff's children. Dkt. # 9 at 5. Plaintiff asserts claims under 42 U.S.C. § 1983 based on alleged violations of the First and Fourteenth Amendments. Plaintiff also states that this judicial district has emboldened defendants to act unlawfully by dismissing the more than thirty *pro se* cases she has filed in the Western District of Washington. Dkt. # 9 at 4 and 6.

The factual bases for plaintiff's claims against the named defendants are unclear, even when the allegations are read in the light most favorable to plaintiff. She asserts that

ORDER - 1

the various defendants[1] have enrolled her children in public school, fostered her children, removed her children from her custody, withheld visitation rights, sought termination of plaintiff's parental rights, discriminated against plaintiff on account of her race, forced her to communicate with the government by conducting dependency proceedings, and/or retaliated against her for filing lawsuits against Judge McCoy. While she asserts that all of these actions were taken without proper permissions or legal authorization, there are very few (if any) facts regarding what a particular defendant did or what made the conduct of which he or she is accused wrongful (as opposed to just a sad and unfortunate consequence of a dependency proceeding and finding). Plaintiff's claim of race discrimination against employees of the King County Dependency Court Appointed Special Advocates ("CASA"), for example, is based on nothing more than allegations that (a) plaintiff is white, (b) the legislature has made efforts to remedy the effects of systemic racism against black and indigenous children in the child welfare system, and (c) plaintiff's children were

---

[1] Plaintiff has identified seven individual defendants, generally accusing them as follows:

Chris Reykdal, Superintendent of Public Schools in the State of Washington, accused of enrolling the children in a public schools without plaintiff's permission;

Jane and John Doe, the children's foster parents, accused of providing foster care for the children without plaintiff's permission or proof of child care or neglect;

Brianna Johnston-Hanks, CASA guardian *ad litem* and staff attorney, accused of, *inter alia*, making adverse recommendations in the dependency proceedings and adverse decisions regarding visitation and custody;

Jennie Cowan, CASA staff attorney, accused of, *inter alia*, making adverse recommendations in the dependency proceedings and adverse decisions regarding visitation and custody;

Joy Stransky, Judge McCoy's bailiff, accused of retaliating against plaintiff for her lawsuits against Judge McCoy;

David Hoekendorf, private attorney assigned to represent plaintiff's children, accused of conspiring with other defendants to terminate plaintiff's parental rights.

ORDER - 2

placed in foster care. That this family has been caught up in the child welfare system, standing alone, does not raise a plausible inference that the system, much less the named CASA defendants, treated plaintiff differently because of her race. By way of further example, many of the defendants are accused of wrongdoing on the ground that the court order on which they relied lacks plaintiff's signature. No facts are provided identifying what order is at issue, whether plaintiff's apparent refusal to sign it has any legal effect, or how the lack of signature on the unspecified order makes defendants' conduct unlawful.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of plaintiff. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, Rule 8(a) requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Rather,

the facts alleged (as opposed to the unsupported conclusions or arguments asserted) must be enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls*., 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Iqbal*, 556 U.S. 662, 678 (2009)). "[C]onclusory allegations of law and unwarranted inferences are insufficient . . . ." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

The majority of plaintiff's accusations are based on the premise that only she has the legal right to make decisions on behalf of her children. No facts are alleged that would support that premise, however. To the contrary, plaintiff all but concedes that the State of Washington has determined that her children are dependent and that defendants are acting in accordance with that determination. In these circumstances, the allegations fail to raise a plausible inference that defendants could be held liable for placing plaintiff's children in a foster home, enrolling them in school, representing them in dependency proceedings, or otherwise acting on a finding of dependency.

2. To the extent plaintiff is seeking review of the state court's judgments and determinations in the underlying dependency proceedings, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The doctrine arises from 28 U.S.C. § 1257 which grants jurisdiction to review a state court judgment in the United States Supreme Court and, by negative inference, prohibits lower

ORDER - 4

federal courts from doing so. *Kougasian v .TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

3. Plaintiff has filed at least six lawsuits against King County Superior Court Judge McCoy, not including this one, four of which were dismissed based on absolute judicial immunity. *Zayas v. McCoy*, No. 2:24-cv-01407-RAJ (W.D. Wash.) (complaint accepted for filing on Sept. 6, 2024, with recommendation for review under 28 U.S.C. § 1915(e)); *Zayas v. McCoy*, No. 2:24-01132-RSM, Dkt. # 6 (W.D. Wash. Aug. 23, 2024) (order to show cause regarding a bar order issued); *Zayas v. King County*, No. 2:24-cv-01194-JCC, Dkt. # 7 (W.D. Wash. Aug. 12, 2024) (dismissed); *Zayas v. McCoy*, No. 2:24-cv-00780-JNW, Dkt. # 7 (W.D. Wash. June 21, 2024) (dismissed); *Zayas v. McCoy*, No. 2:24-cv-00621-LK, Dkt. # 9 (W.D. Wash. June 7, 2024) (dismissed); *Zayas v. McCoy*, No. 2:24-cv-00694-JNW, Dkt. # 6 (W.D. Wash. May 21, 2024) (dismissed). Having been thwarted in her efforts to hold Judge McCoy liable for her judicial acts, plaintiff now sues her courtroom clerk/bailiff for supporting the other defendants in the courtroom as retaliation for the lawsuits against Judge McCoy, removing plaintiff from the courtroom when she attempted to record a hearing, allowing the other defendants to remove plaintiff's children, and forcing plaintiff to associate with the government during and through the dependence proceedings.

Court clerks, like the judges they serve, "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390

ORDER - 5

(9th Cir. 1987) (collecting cases). *See also Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (quoting *Mullis*). "[V]arious forms of immunity, including . . . judicial, reflect a policy that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." *Schrob v. Catterson*, 967 F.2d 929, 937 (3rd Cir. 1992). Other than an unsupported allegation regarding defendant Stransky's motivation, plaintiff's claim for damages against her arise from her role as a judicial officer and cannot proceed.

    4. Finally, plaintiff has filed five prior lawsuits against her children's foster parent(s) (*Zayas v. Foxall*, No. 2:22-cv-00229-JCC (W.D. Wash.), *Zayas v. Foxall*, No. 2:22-cv-00327-TL (W.D. Wash.), *Zayas v. Foxall*, No. 2:22-cv-00564-TL (W.D. Wash.), *Zayas v. Howard*, No. 2:24-cv-00716-KKE (W.D. Wash.), and *Zayas v. McMullin*, No. 2:24-cv-01011-JCC (W.D. Wash.)), and this is the first of two suits against defendants Stransky, Johnston-Hanks, Cowan, and Hoekendorf (*Zayas v. McCoy*, No. 2:24-cv-01407-RAJ). In addition, she has sued King County, its judicial officers, and those who support the child welfare system at least a half dozen times since 2020. Most of these cases involve challenges to the dependency proceedings, allegations of race discrimination, and/or charges of unlawful withholding of plaintiffs' children. While the Court declines to do a case-by-case and defendant-by-defendant analysis, it is very likely that one or more of the claims asserted in this litigation arise out of the same transactional nucleus of facts that gave rise to the earlier claims, that those claims were dismissed, and that there is privity between the parties in the various actions. If plaintiff chooses to file an amended

complaint, she shall limit the claims to those which have not already been raised and finally resolved by the judges of this district.

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff may have a viable claim against one or more of the named defendants, but, if so, it is well and truly hidden amongst the conclusory assertions of legal rights and wrongdoing set forth in the complaint. Plaintiff is hereby ORDERED to file on or before October 23, 2024, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts that regarding each defendant that one could plausibly infer that plaintiff has a viable legal claim and a right to relief against that defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, October 25, 2024.

Dated this 25th day of September, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER - 7